# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Respondent,<br><br>    v.<br><br>JOHNNY JARAMILLO,<br><br>    Defendant-Petitioner. | Case No: 1:18-CR-00014-JLT-SKO<br><br>**ORDER GRANTING THE UNITED STATES' MOTION FOR (1) A PARTIAL WAIVER OF THE ATTORNEY-CLIENT PRIVILEGE, AND (2) AN EXTENSION OF TIME**<br><br>(Docs. 81, 84) |

  The United States of America moves for an order finding a partial waiver of the attorney-client privilege and permitting discovery as to Defendant Johnny Jaramillo's ("Jaramillo") communications with prior trial counsel, Peter Jones and Victor Chavez. Jaramillo has waived such privilege based on his motion filed on February 4, 2022, pursuant to 28 U.S.C. § 2255 ("§ 2255 motion"), which asserts claims of ineffective assistance of counsel. (Doc. 73.) "It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (en banc).

  Jaramillo's § 2255 motion alleges five claims, including two Fifth Amendment violations, a claim that his plea was unknowing and involuntary, a denial of counsel claim, and ineffective assistance of counsel claims. Specifically, Jaramillo complains that his trial counsel was ineffective by failing to conduct adequate pretrial investigation and by advising Jaramillo to plead guilty instead of going to trial.

1

(Doc. 73 at 111–14.) Jarmillo's motion further alleges ineffective assistance of counsel by his attorneys' failure to inform him of his strategy, affirmative defenses, and theory of defense; failure to discuss and explain the Presentence Report; and file substantive objections to the Presentence Report. There is good cause for discovery of attorney-client communications concerning the matters raised in Jaramillo's § 2255 motion. Such discovery will, among other things, enable the government to respond fully to this Court's November 8, 2022 Order directing it to file a brief in response to Jaramillo's claims. (Doc. 74.)

By the allegations in his § 2255 motion, Jaramillo has waived any privilege as to attorney-client communications for purposes of the § 2255 motion. "The defendant impliedly waives his attorney-client privilege the moment he files a habeas petition alleging ineffective assistance of counsel." *Lambright v. Ryan*, 698 F.3d 808, 818 (9th Cir. 2012); *Bittaker*, 331 F.3d at 716, 719 & 722 n.6 (habeas petitioner waives attorney-client and work product privileges by asserting ineffective assistance of counsel). The privilege waiver in these circumstances is partial, in that the information obtained through the waiver is to be used for purposes of adjudicating Jaramillo's § 2255 motion, but not in a retrial or in an unrelated case. *Bittaker*, 331 F.3d at 720–25; *Lambright*, 698 F.3d at 818. Jaramillo can preserve the confidentiality of such privileged communications only by abandoning the claims that give rise to the waiver condition. *Bittaker*, 331 F.3d at 721. "[T]he federal courts have determined that claims of ineffective assistance of counsel cannot be fairly litigated unless the petitioner waives his privilege for purposes of resolving the dispute." *Id.* 722.

If Jaramillo does not timely withdraw his allegations concerning ineffective assistance of counsel, the Court finds that he has waived the attorney-client privilege as to all communications with his former counsel with respect to the allegations in his § 2255 motion.

The government also requests an extension of time, from June 19, 2023 to August 7, 2023, by which to file its response to Jaramillo's § 2255 motion, as the government will need additional time to review Jaramillo's communications with his prior counsel in connection with Jaramillo's ineffective assistance claims. The Court agrees that this brief extension is appropriate.

## **ORDER**

Good cause appearing, the United States' motion for partial waiver of petitioner Johnny Jaramillo's attorney-client privilege, (Doc. 81), is **GRANTED** as follows:

(1) The attorney-client privilege of defendant Johnny Jaramillo is waived with respect to all communications between Jaramillo and his former counsel, Peter Jones and Victor Chavez, concerning events and facts related to defendant's claims of ineffective assistance of counsel in Defendant's § 2255 motion (Doc. 73).

(2) Attorneys Peter Jones and Victor Chavez, and their staff and agents if relevant, may disclose to the government communications with defendant Jaramillo concerning events and facts related to Jaramillo's claims of ineffective assistance of counsel in his § 2255 motion.

(3) Attorneys Peter Jones and Victor Chavez may provide the government with declarations to address the communications with defendant Jaramillo concerning events and facts related to the ineffective assistance of counsel claims presented in Jaramillo's § 2255 motion. Jones and Chavez may communicate and coordinate with government counsel to ensure that all issues are adequately addressed in the declaration.

(4) The government shall not use or disclose the privileged material it obtains in this habeas action for any purpose or to any party or in any proceeding beyond this action.

**ALTERNATIVELY**, the Court orders that if the finding of waiver changes defendant Jaramillo's decision on whether to proceed with his § 2255 motion, he must notify this Court within fourteen (14) court days of the date of this Order by withdrawing his allegations concerning ineffective assistance of counsel in his motion. Failure to do that confirms the alternative portion of this Order finding waiver.

Considering the above, the government's motion for an extension of time, August 7, 2023, by which to file its response to defendant Jaramillo's § 2255 motion is also **GRANTED**.

IT IS SO ORDERED.

Dated:   **June 16, 2023**

UNITED STATES DISTRICT JUDGE