# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff-Respondent,<br><br>            v.<br><br>JOHNNY JARAMILLO,<br><br>            Defendant-Petitioner. | Case No: 1:18-CR-00014-JLT-SKO<br><br>ORDER DENYING PLAINTIFF JOHNNY JARAMILLO'S MOTION TO LIMIT THE PARTIAL WAIVER OF THE ATTORNEY-CLIENT PRIVILEGE<br><br>(Doc. 92) |

In his motion to vacate, set aside or correct his sentence, brought pursuant to 28 U.S.C. § 2255 (Doc. 73), Defendant advances at least one claim raising ineffective assistance of counsel ("IAC"). (*Id.*) In response, the Court entered an order partially, but conditionally, waiving the attorney-client privilege as to communications between Defendant and his former trial counsel, Peter Jones and Victor Chavez, concerning facts and events related to the IAC claims, and permitting attorneys Jones and Chavez to provide the government with declarations addressing those facts and events. (Doc. 87.) As an alternative to the waiver, the Court permitted Defendant 14 days to withdraw his IAC claims. (*Id.*)

Nevertheless, Defendant filed a document requesting that the Court further limit the waiver by 1) limiting the government's inquiries to information pertaining to his motion and/or Marsden hearings, 2) preserving the privilege as to attorney-work product, 3) permitting the government to ask only questions listed by Defendant as Exhibit A to his filing, or 4) requiring that the government to submit their

1

questions in advance so that Defendant can object as needed, 5) allowing Defendant to be present via telephonic or video conference, and 6) appointing a mediator and a court reporter. (Docs. 88, 92.)

"In performing their constitutional duties, the federal courts have determined that claims of ineffective assistance of counsel cannot be fairly litigated unless the petitioner waives his privilege for purposes of resolving the dispute." *Bittaker v. Woodford*, 331 F.3d 715, 722 (9th Cir. 2003). But the waiver to be applied is not unlimited and it is up to the trial court to "enter appropriate orders clearly delineating the contours of the limited waiver before the commencement of discovery, and strictly police those limits thereafter." *Id*. at 728. Here, the Court's order limits the waiver of the attorney-client privilege to communications between Defendant and attorneys Jones and Chavez as to events and facts related to the IAC claims raised in Defendant's § 2255 motion (Doc. 73). (*See* Doc. 91) That limitation serves the same purpose as Defendant's first two requests. The Court denies the next two requests that the government be allowed to ask only the questions that Defendant drafted, and that Defendant be allowed to object in advance to the questions the government would seek to pose. Defendant is not entitled to raise an IAC claim, and then prohibit the government from fully exploring that topic.

The Court also denies Defendant's fifth and sixth requests to be present or to appoint a mediator and/or court reporter because no deposition is authorized. Rather, the Court's order specifically gives attorneys Jones and Chavez permission to provide the government with declarations addressing the relevant matters. [1] Those declarations and any relevant attachments will be served on Defendant, and he may respond to them in writing.

If Defendant continues to find the waiver objectionable, within 14 days, he may withdraw his IAC allegations made in his § 2255 motion. Failure to do that waives the privilege as set forth in the Court's prior order (Doc. 87). Thus, Defendant's request to further limit the waiver of attorney-client privilege (Docs. 88, 92) is **DENIED**.

IT IS SO ORDERED.

Dated:   **August 24, 2023**

UNITED STATES DISTRICT JUDGE

---

[1] If it becomes necessary, the Court will conduct an evidentiary hearing at which former defense counsel may be called to testify as to the matters covered by the partial privilege waiver. The order extends to such a hearing.

2