PHILLIP A. TALBERT
United States Attorney
KIMBERLY A. SANCHEZ
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JOHNNY JARAMILLO,<br><br>　　　　　　Defendants. | CASE NO. 1:18-CR-00014-JLT-SKO<br><br>MOTION TO SEAL THE GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. § 2255, EXHIBITS 1, 2, AND SEALED EXCERPTS OF THE RECORD AND [PROPOSED] ORDER<br><br>DATE: September 6, 2023<br>COURT: Hon. Jennifer L. Thurston |

　　　The United States hereby requests leave to file under seal portions of its Opposition, along with Exhibits 1 and 2 (Declarations of Attorney Peter Jones and Victor M. Chavez), and Sealed Excerpts of the Record (transcripts of 2 *Marsden* hearings). In its Opposition, the United States discusses some communications filed in the Sealed Excerpts of Record and Exhibits 1 and 2 that could also be considered attorney-client privileged communications or information.

　　　Out of an abundance of caution, the United States hereby requests that this Court grant this request to file the Opposition, Exhibits 1 and 2 and the Sealed Excerpts of the Record under seal in order to protect attorney-client privileged communications or information. *See Bittaker v. Woodford*, 331 F. 3d 715, 720 (9th Cir. 2003) (generally requiring limited waivers "no broader than needed to ensure the fairness of the proceedings before [the court]."). The United States intends to file publicly a redacted

version of the Answering Brief, "omitting or redacting attorney-client privileged communications or information."

Dated: September 6, 2023

PHILLIP A. TALBERT
United States Attorney

By: /s/ KIMBERLY A. SANCHEZ
KIMBERLY A. SANCHEZ
Assistant United States Attorney

ORDER

Having reviewed the materials the government seeks to file under seal, the Court agrees that sealing is appropriate under the circumstances. The waiver of the attorney client privilege that occurs when a petitioner brings a habeas claim premised upon ineffective assistance of counsel is a limited one and only extends to use of those materials in the context of the habeas case. *See Bittaker v. Woodford*, 331 F.3d 715, 722 (9th Cir. 2003). A trial court must take care to ensure that giving a party access to the privileged materials does not rupture the privilege. *Id.* at 728. To this end, courts have allowed sealing of such privileged materials in habeas proceedings. *See, e.g., Ervine v. Warden*, 214 F. Supp. 3d 917, 921 (E.D. Cal. 2016); *Salcido v. Chappell*, No. 09-00586 MMC, 2012 WL 6126368, at *1 (N.D. Cal. Dec. 10, 2012); *Frye v. Warden, San Quentin State Prison*, No. CIV S-99-0628 LKK-KJ, 2010 WL 3855178, at *3 (E.D. Cal. Sept. 30, 2010) ("The common-law presumption in favor of public access must give way to petitioner's interest in protecting his attorney-client privilege so that he may secure a fair trial if he succeeds on his habeas claim."). Here, the materials include the declarations of defense counsel and hearings addressing the attorney client relationship, which are properly filed under seal.

IT IS SO ORDERED.

Dated: **September 15, 2023**

_/s/ Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE