UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOHNNY JARAMILLO,<br><br>　　　　　Defendant. | Case No. 1:18-cr-00014-JLT-SKO-1<br><br>ORDER DENYING MOTION TO FILE SUPPLEMENTAL MOTION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE UNDER 28 U.S.C. § 2255 |

    In 2019, the Court entered judgment after sentencing Johnny Jaramillo's on his guilty plea to one count of transfer of a firearm to a felon (l8 U.S.C. § 922(d)(1)), three counts of possession of a firearm after suffering a misdemeanor domestic violence conviction (18 U.S.C. § 922(g)(9)), and one count of possession of an unregistered firearm (26 U.S.C. § 5861(d)). (Doc. 42.) In 2022, Jaramillo submitted a motion for relief under 28 U.S.C. § 2255 on the grounds that he received ineffective assistance of counsel before, during, and after the plea process - rendering his plea agreement involuntary and unknowing. (Doc. 73.) On June 18, 2025, the Court denied the motion on the merits. (Sealed Doc. 103.)

    On July 10, 2025, Jaramillo filed a motion pursuant to Federal Rule of Civil Procedure 15(d) seeking leave to file a proposed supplemental motion to vacate conviction and sentence pursuant to 28 U.S.C. § 2255. (Docs. 104 & 105 respectively.) The proposed supplemental motion proffers alleged newly discovered evidence supporting ineffective assistance of counsel as asserted in the prior § 2255

1

motion. (*Id*.)

The Court has reviewed the instant Rule 15(d) motion for leave to file the proposed supplemental § 2255 motion, the record in the case, and the controlling law. The Court will deny the instant motion. First, Jaramillo has not demonstrated that granting Rule 15(d) relief would further the interests of justice and judicial economy. Rule 15(d) provides "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d); *see also U.S. ex rel. Kinney v. Stoltz*, 327 F.3d 671, 673 n.4 (8th Cir. 2003) (observing Rule 15(d) "gives the district court discretion to permit parties to serve supplemental pleadings," and a party "cannot supplement... as a matter of right"); *San Luis & Delta-Mendota Water Auth. v. U.S. Dep't of Interior*, 236 F.R.D. 491, 495-96 (E.D. Cal. 2006) ("Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings. . . [t]he rule is a tool of judicial economy and convenience . . . [l]eave should be freely given, [i]n the absence of any apparent or declared reason - such as undue delay . . . futility of amendment, etc.").

Jaramillo has not demonstrated diligence. The supplemental evidence Jaramillo proffers relates to events that occurred during the period 2018-2019, well before the prior § 2255 motion was filed in 2022. Jaramillo alleges that he discovered the supplemental evidence only after he filed his reply in support of the prior § 2255 motion on February 5, 2024. But he does not explain when and how he learned of this evidence and why he did not raise it prior to the Court's June 18, 2025, denial of the prior § 2255 motion. Jaramillo's conclusory statements that the supplemental evidence is newly discovered do not alone show diligence. Furthermore, supplementing the already denied § 2255 motion would be futile. In this regard, "[t]he relevant inquiry is whether amendment would be *legally futile*." *San Luis & Delta-Mendota Water Auth.*, 236 F.R.D., at 500 (emphasis in original). Futility is apparent here, as the proposed supplemental § 2255 motion is subject to bar as second or successive, as discussed below.

Second, Jaramillo's proposed supplemental § 2255 motion is not sufficient as a Rule 15(d) supplemental pleading because it raises new grounds for relief that occurred before filing the prior § 2255 motion. (S*ee* Docs. 73, 105.) As noted, a supplemental pleading is one that "[sets] out any

2

transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d); *see also Eid v. Alaska Airlines, Inc.,* 621 F.3d 858, 874 (9th Cir. 2010) (noting that "Rule 15(d) provides a mechanism for parties to file additional causes of action based on facts that didn't exist when the original complaint was filed").

Even were the Court to construe the instant Rule 15(d) motion as a Federal Rule of Civil Procedure 15(a) motion to amend, leave of the court would be denied.  A habeas petition may be amended "as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242; *see also* Fed. R. Civ. P. 81(a)(4) (the federal rules of civil procedure "apply to proceedings for habeas corpus").  Rule 15(a)(2) allows a party to amend its pleading by leave of the court, and such leave should be freely given when justice so requires. *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607 (9th Cir.1992) (the rule is interpreted liberally to favor amendments).  Here, there is not good cause for relief under Rule 15(a), for the reasons stated.

Finally, the proposed supplemental § 2255 motion (Doc. 105) is subject to the bar of second or successive.  The Antiterrorism and Effective Death Penalty Act ("AEDPA") "imposes significant limitations on the power of federal courts to award relief to prisoners who file 'second or successive' habeas petitions." *United States v. Lopez*, 577 F.3d 1053, 1059 (9th Cir. 2009).  "A petitioner is generally limited to one motion under § 2255, and [he] may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)." *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011).  28 U.S.C. § 2255(h) provides that a second or successive petition must be certified as provided in § 2244 by a panel of the appropriate court of appeals.  28 U.S.C. § 2255(h).  Section 2244(b)(3)(A), in turn, provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  "If the petitioner does not first obtain [Ninth Circuit] authorization, the district court lacks jurisdiction to consider the second or successive application." *Lopez*, 577 F.3d at 1061.

The second or successive bar applies where a court has issued judgment denying a movant's prior § 2255 motion and movant then files a second such motion, however styled, stating new grounds for relief. *Rivers v. Guerrero*, 145 S. Ct. 1634, 1642 (2025) (citing *Gonzalez v. Crosby*, 545 U.S. 524,

1  532 (2005)) ("[A] self-styled motion that seeks to add a new ground for relief or attacks the federal
2  court's previous resolution of a claim on the merits can be construed as a second or successive petition
3  and forced to face the gauntlet of § 2244(b), no matter how it is labeled[.]"); *see also Tong v. United*
4  *States*, 81 F.4th 1022, 1026 (9th Cir. 2023) ("When an initial [§ 2255] petition or motion is dismissed
5  because its claims cannot be considered by the court or do not otherwise establish a ground for habeas
6  relief, regardless of their underlying merits, any later-filed petition or motion is second or
7  successive.").

8      A court's final order denying an initial § 2255 motion constitutes final judgment thereon. Fed.
9  R. Civ. P. 54(a); *see also United States v. Martin*, 226 F.3d 1042, 1048 (9th Cir. 2000) ("A judgment
10 is defined by Rule 54 of the Federal Rules of Civil Procedure as any order from which an appeal lies
11 [citation] in other words, a final order."); *accord see United States v. Buenrostro*, 638 F.3d 720, 722-
12 23 (9th Cir. 2011) (citing *Gonzalez,* 545 U.S., at 531 (2005)) (Federal Rule of Civil Procedure 60(b)
13 motion to reopen post-conviction proceedings under § 2255 on the basis of newly discovered evidence
14 barred as second or successive); *Rishor v. Ferguson*, 822 F.3d 482, 493 (9th Cir. 2016) (applying
15 second or successive bar in context of Fed. R. Civ. P. 59(e) motion to alter or amend a judgment
16 raising entirely new claims).

17     Jaramillo's proposed supplemental § 2255 motion, filed after the Court's final order denying
18 his prior § 2255 motion, is second or successive. Jaramillo has not demonstrated that he received
19 authorization from the Ninth Circuit to file a second or successive § 2255 motion; indeed, he has even
20 alleged that he requested such authorization. While Jaramillo, in the instant motion and proposed
21 supplemental § 2255 motion proffers argument and purported newly discovered evidence as to why he
22 should be allowed to file a successive motion, he does not discuss the requirement that such a motion
23 must be filed with the appropriate court of appeals. *United States v. Lopez*, 2017 WL 3437688, at *2
24 (S.D. Cal. July 7, 2017) (citing *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam)) ("Because
25 [p]etitioner has failed to obtain authorization from the Ninth Circuit as required by § 2255(h), this
26 court lacks jurisdiction to consider his § 2255 motion and must therefore dismiss it.")

27     As a result, this Court lacks jurisdiction to consider the proposed supplemental § 2255 motion.
28 *See United States v. Barajas-Guerrero*, 2024 WL 4444006 at *1 (E.D. Cal. Oct. 8, 2024) (dismissing

second or successive § 2255 motion for lack of jurisdiction because the Ninth Circuit had not issued a certificate authorizing such a motion).

For the foregoing reason, the Court therefore **DENIES** Jaramillo's motion to file the proposed supplemental § 2255 motion (Docs. 104 & 105), without prejudice to refiling if Jaramillo obtains the necessary order from the Ninth Circuit.

IT IS SO ORDERED.

Dated:  **July 21, 2025**

UNITED STATES DISTRICT JUDGE

5