UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHNNY JARAMILLO,<br><br>Defendant. | Case No. 1:18-cr-00014-JLT-SKO-1<br><br>ORDER DENYING DEFENDANT'S MOTION FOR CERTIFICATE OF APPEALABILITY |

Johnny Jaramillo has filed a pro se motion, which seems to seeks issuance of a certificate of appealability following: (1) the Court's June 18, 2025 memorandum and order denying his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his July 12, 2019 sentence (Doc. 103), and (2) the Court's July 22, 2025 order denying his motion for leave to file a supplemental § 2255 motion to vacate, set aside, or correct that sentence (Doc. 107).[1] [2]   (Doc. 110.)  The Court **DENIES** the motion.

1. **June 18, 2025 Memorandum and Order**

Rule 60(b) of the Federal Rules of Civil Procedure sets out the grounds for relief from

---

[1] Jaramillo, in his instant motion refers to a June 18, 2025 entry of judgment on the memorandum and order, and to a June 22, 2025 order declining to consider newly discovered evidence.  Neither are reflected in the Court's docket.

[2] Jaramillo plead guilty to: one count of transfer of a firearm to a felon (l8 U.S.C. § 922(d)(1)), three counts of possession of a firearm after suffering a misdemeanor domestic violence conviction (18 U.S.C. § 922(g)(9)), and one count of possession of an unregistered firearm (26 U.S.C. § 5861(d)).

1

judgment or order, including mistake, newly discovered evidence, fraud, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b).  Previously, in declining to issue a certificate of appealability, the court found "Jaramillo has not made a substantial showing of the denial of a constitutional right . . . [and] cannot show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." (Doc. 103, at 35.)

Jaramillo's motion does not include any argument for relief from the Court's previous decision not to issue a certificate of appealability.  Jaramillo simply asserts the following issues for certification:

A.   Brady and Giglio.  Brady v. Mary[l]and, 373 U.S. 83 (1[9]63); Giglio v. United States, 405 U.S. 150 (1972).

B.   Mooney and Napue.  Mooney v. Holohan, 294 U.S. 103 (1935); Napue v. Illinois, 360 U.S. 264 (1959).

C.   Strickland.  Strickland v. Washington, 466 U.S. 668 (1984).

D.   Due Process.  Government conduct and reliance on a compensated confidential informant with undisclosed incentives.

E.   Supplemental filing and § 2255(b) hearing.  Whether the Court erred in its handling of the June 22, 2025 supplemental fil[]ing and the newly di[s]covered evidence, including declining to consider the material and not conducting an evident[]iary] hearing where the p[r]offered facts if true, would entitle relief.

(Doc. 110, at 1-2.)  Apart from this conclusory statement, Jaramillo has not provided the Court with reasons as to why reconsideration is justified. Therefore, the instant request for a certificate of appealability from the June 18. 2025 order, construed as a request for reconsideration, lacks merit.[3]

**2.   July 22, 2025 Order Denying Motion to File Supplemental § 2255 Motion**

"The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . .

---

[3] Jaramillo subsequently filed a notice of appeal in the case that includes a request for certificate of appealability. (Doc. 111, at 2-3.)

except where a direct review may be had in the Supreme Court." 28 U.S.C. § 1291.[4]

    In this case, the July 22, 2025 order is not a final merits decision whether Jaramillo may file a supplemental § 2255 motion pursuant to Federal Rule of Civil Procedure 15(d). (*See* Doc. 107); 28 U.S.C. § 1291; Fed. R. Civ. P. 54(a); *United States v. Martin*, 226 F.3d 1042, 1048 (9th Cir. 2000) ("A judgment is defined by Rule 54 of the Federal Rules of Civil Procedure as any order from which an appeal lies [citation] in other words, a final order.") In the order, the Court denied Jaramillo leave to file his proffered supplemental § 2255 motion "without prejudice to refiling if Jaramillo obtains the necessary order from the Ninth Circuit." (Doc. 107, at 5); 28 U.S.C. §§ 2255(h), 2244(b)(3)(A). Therefore, the instant request for a certificate of appealability from the July 22, 2025 order, lacks merit.[5] Thus, Jaramillo's motion for issuance of a certificate of appealability (Doc. 110) is **DENIED**.

IT IS SO ORDERED.

    Dated:   **August 23, 2025**

UNITED STATES DISTRICT JUDGE

---

[4] Section 1292(b) allows litigants to bring an immediate appeal of a non-dispositive order with the consent of both the district court and the court of appeals in certain circumstances that are not present here. See *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981).

[5] See n.3.