UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>JOHNNY JARAMILLO,<br><br>  Defendant. | Case No. 1:18-cr-00014-JLT-SKO-1<br><br>ORDER DENYING DEFENDANT'S MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL |

Johnny Jaramillo has filed a pro se motion, which seems to seek to extend the time in which to file a notice of appeal from: (1) the Court's June 18, 2025 memorandum and order denying his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his July 12, 2019 sentence (Doc. 103), and (2) the Court's July 22, 2025 order denying his motion for leave to file a supplemental § 2255 motion to vacate, set aside, or correct that sentence (Doc. 107).[1][2]  (Doc. 108.)  The Court DENIES all relief on the motion, for the reasons that follow.

**1.    June 18, 2025 Memorandum and Order**

The motion to extend time to file notice of appeal from the June 18, 2025 memorandum and

---

[1] Jaramillo refers to a June 18, 2025 entry of judgment on the memorandum and order, and to a June 22, 2025 order declining to consider newly discovered evidence.  Neither are reflected in the Court's docket.

[2] Jaramillo plead guilty to: one count of transfer of a firearm to a felon (l8 U.S.C. § 922(d)(1)), three counts of possession of a firearm after suffering a misdemeanor domestic violence conviction (18 U.S.C. § 922(g)(9)), and one count of possession of an unregistered firearm (26 U.S.C. § 5861(d)).

1

1  order is moot.

2  Under Rule 11 of the Section 2255 Rules, Federal Rule of Appellate Procedure 4(a) governs
3  the time to appeal.[3]  *See United States v. Mitchell*, 2022 WL 7105654, at *1 (E.D. Cal. Oct. 12, 2022)
4  (citing *Kingsbury v. United States*, 900 F.3d 1147, 1149 (9th Cir. 2018)) (Appellate Rule 4 sets the
5  time for the losing party to appeal from the district court's disposition of a § 2255 motion).

6  Under Appellate Rule 4(a)(1)(B), a "notice of appeal may be filed by any party within 60
7  days after entry of the judgment or order appealed from if one of the parties is . . . the United States."
8  A judgment or order is entered for purposes of Rule 4(a) when it is entered in compliance with Rule
9  58(a) of the Federal Rules of Civil Procedure.  Fed. R. App. P. 4(a)(7).[4]  An order that is dispositive
10 of the proceedings must be expressly entered in a "separate document," except when the district
11 court decides certain listed motions - which do not include § 2255 motions.  Fed. R. Civ. P. 58(a),
12 (c)(2)(A); *see also Kingsbury*, 900 F. 3d, at 1151 ("If a separate document entering judgment is filed
13 with the order resolving a § 2255 motion, the losing party has 60 days to file a notice of appeal.").  In
14 this case, a separate final judgment in accordance with the June 18, 2025 memorandum and order
15 was issued by Court Clerk on August 20, 2025.  (Doc. 109.)  Jaramillo filed his notice of appeal on
16 August 21, 2025 (Doc. 111), within the 60-day period.

17 **2.    July 22, 2025 Order Denying Motion to File Supplemental § 2255 Motion**

18 "The courts of appeals (other than the United States Court of Appeals for the Federal Circuit)
19 shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . .
20 except where a direct review may be had in the Supreme Court."  28 U.S.C. § 1291.[5]

21 In this case, the July 22, 2025 order is not a final merits decision whether Jaramillo may file a
22 supplemental § 2255 motion pursuant to Federal Rule of Civil Procedure 15(d).  (*See* Doc. 107); 28
23 U.S.C. § 1291; Fed. R. Civ. P. 54(a); *United States v. Martin*, 226 F.3d 1042, 1048 (9th Cir. 2000)

---

[3] Habeas Rule 11(b) provides that "Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules."

[4] Appellate Rule 4 "[A]lso provides that the entry of judgments or orders must comply with Federal Rule of Civil Procedure 79(a), which, in turn, offers guidance to district court clerks on how to enter judgments and orders on the docket." *Kingsbury*, 900 F.3d, at 1149 n.1 citing  Fed. R. App. P. 4(a)(7).

[5] Section 1292(b) allows litigants to bring an immediate appeal of a non-dispositive order with the consent of both the district court and the court of appeals in certain circumstances that are not present here.  See  *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981).

("A judgment is defined by Rule 54 of the Federal Rules of Civil Procedure as any order from which an appeal lies [citation] in other words, a final order.")  Significantly, the Court therein denied Jaramillo's motion for leave to file his proffered supplemental § 2255 motion "without prejudice to refiling if Jaramillo obtains the necessary order from the Ninth Circuit." (Doc. 107, at 5); 28 U.S.C. §§ 2255(h), 2244(b)(3)(A). In short, the motion to extend time to file notice of appeal from the July 22, 2025 order fails because that order is not an appealable order.[6]  Thus, Jaramillo's motion to extend time to file notice of appeal (Doc. 108) is **DENIED**.

IT IS SO ORDERED.

Dated:    **August 23, 2025**

UNITED STATES DISTRICT JUDGE

---

[6] Even if Jaramillo could appeal the July 22, 2025 order, the requested extension of time would be mooted by his filing notice of appeal (Doc. 111).

3